Filed 3/15/22  P. v. Brummett CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAMES ALBERT BRUMMETT,<br><br>Defendant and Appellant. | C091569<br><br>(Super. Ct. No. STKCRFE20180008675) |

Appointed counsel for defendant James Albert Brummett filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Thereafter, defendant filed a supplemental brief.  Having reviewed defendant's arguments and the record as required by *Wende*, we will affirm.

## I.  BACKGROUND

In July 2018, defendant was living in a shed in a park.  He and J.S. got into an argument about that shed.  While they were arguing, defendant got into a car, "chased

down" J.S., and "ended up running over him." Defendant got out of his car and tried to get J.S. out from underneath. When he heard sirens, however, defendant ran. J.S. died as a result of his injuries.

The People subsequently charged defendant with murder (Pen. Code, § 187, subd. (a))[1] and alleged defendant personally used a nonfirearm weapon to commit the crime (§ 12022, subd. (b)(1)). The People also alleged defendant was previously convicted of two serious felonies.

Defendant subsequently negotiated a plea agreement, pursuant to which the People amended the murder charge to a charge of voluntary manslaughter (§ 192, subd. (a)) and added a charge for hit-and-run resulting in permanent injury or death (Veh. Code, § 20001, subd. (b)(2)). In October of 2019, defendant pled guilty to the charges as amended and admitted the allegation he was convicted of a prior serious felony (§ 667, subd. (a)), which he admitted was also a strike offense (§§ 1170.12, subd. (b), 667, subd. (d)).

Defendant waived referral to probation and agreed to serve an aggregate term of 19 years in state prison: six years for manslaughter, doubled for the prior strike, plus a consecutive five-year enhancement under section 667, subdivision (a) for the prior serious felony, and a consecutive term of two years for felony hit-and-run. The trial court sentenced defendant in accordance with his plea agreement and ordered him to pay various fines and fees.

Defendant timely appealed; he did not obtain a certificate of probable cause.

## II. DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether

---

[1] Undesignated statutory references are to the Penal Code.

2

there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief in which he raises multiple claims: (1) The trial court erred in failing to hold a hearing on defendant's ability to pay fines and fees; (2) Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill 81) requires the court strike the enhancements imposed; and (3) Senate Bill No. 775 (2020-2021 Reg. Sess.) (Senate Bill 775) requires defendant's voluntary manslaughter conviction to be reduced.

Defendant argues he was entitled to an ability to pay hearing pursuant to "Penal Code section 19.5." Section 19.5, however, does not exist. Assembly Bill No. 927 (2019-2020 Reg. Sess.), upon which defendant also relies, would have created section 19.5, but that bill was vetoed by the Governor. (Assem. Bill No. 927, vetoed by Governor, Oct. 9, 2019, Assem. Final Hist. (2019-2020 Reg. Sess.) California Legislative Information <https://leginfo.legislature.ca.gov/faces/billHistoryClient.xhtml?bill_id=201920200AB927> [as of Mar. 11, 2022].) Accordingly, defendant's claim lacks any legal authority.

Defendant also contends section 1385, as modified by Senate Bill 81, requires the court to stay or dismiss his section 667, subdivision (a) enhancement if it is in the furtherance of justice to do so. Defendant is wrong. Senate Bill 81 modifies section 1385 giving trial courts new-found discretion to dismiss section 667, subdivision (a) enhancements in the furtherance of justice. (§ 1385, as amended by Stats. 2021, ch. 721, § 1, eff. Jan. 1, 2022.) Defendant, however, entered into a plea agreement pursuant to which he agreed to a stipulated term of 19 years in state prison. The trial court thus had no discretion to strike the enhancement at defendant's original sentencing and would have no discretion to do so now. (Cf. *People v. Brooks* (2020) 58 Cal.App.5th 1099, 1106-1107 [stipulated sentences remove discretion from the trial court].)

Finally, defendant contends recently enacted Senate Bill 775, which modifies section 1170.95, requires the trial court to reduce his manslaughter conviction to a lesser offense. Section 1170.95, subdivision (g) allows a person convicted of manslaughter to challenge on direct appeal the validity of that conviction based on the changes made to sections 188 and 189 by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015). On this record defendant cannot establish his conviction for voluntary manslaughter is invalid. Accordingly, his claim fails.

### III. DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

MAURO, Acting P. J.

/S/

EARL, J.

4